UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RESIDENTS AND FAMILIES UNITED TO SAVE OUR ADULT HOMES; NEW YORK STATE HEALTH FACILITIES ASSOCIATION / NEW YORK STATE CENTER FOR ASSISTED LIVING; KENNETH PRZYJEMSKI; WALTER ROBERTS; HUDSON VIEW MANAGEMENT CORP., D/B/A PALISADE GARDEN HFA; BELLE HARBOR MANOR; ELM YORK LLC; KINGS ADULT CARE CENTER, LLC; LAKESIDE MANOR HOME FOR ADULTS, INC.; GARDEN OF EDEN HOME LLC, D/B/A GARDEN OF EDEN HOME; MOHEGAN PARK HOME FOR ADULTS; GLORIA'S MANOR LLC, D/B/A NEW GLORIA'S MANOR HOME FOR ADULTS; NEW HAVEN MANOR; NEW MONSEY PARK HOME; NEW ROCHELLE HOME FOR ADULTS, LLC; PARKVIEW HFA, INC., D/B/A PARKVIEW HOME FOR ADULTS; ELENER ASSOCIATES, LLC, D/B/A RIVERDALE MANOR HOME FOR ADULTS; SEAVIEW MANOR, LLC; SURFSIDE MANOR HOME FOR ADULTS, LLC; THE ELIOT MANAGEMENT GROUP, LLC, D/B/A THE ELIOT AT ERIE STATION ALP; THE SANFORD HOME; WAVECREST HFA, INC., D/B/A WAVECREST HOME FOR ADULTS; WOODLAND VILLAGE LLC D/B/A FAWN RIDGE ASSISTED LIVING; EMPIRE STATE ASSOCIATION OF ASSISTED LIVING, INC.; DUTCHESS CARE; ELM YORK, LLC; HARBOR TERRACE ADULT HOME AND ASSISTED LIVING; CENTRAL ASSISTED LIVING, LLC; ADIRONDACK MANOR HOME FOR ADULTS; WILLIAM STANTON; JOHN TORY; LUCIA BENNETT; JOSEPH SIMONE; LAWRENCE WONG; and SUSAN OSTERHOUDT-BURNETT,

                              Plaintiffs/Petitioners,

   -against-

HOWARD A. ZUCKER, M.D., in his official capacity as Commissioner of the New York State Department of Health; NEW YORK STATE DEPARTMENT OF HEALTH; ANNE MARIE T. SULLIVAN, M.D., in her official capacity as Acting Commissioner of the New York State Office of Mental Health; and NEW YORK STATE OFFICE OF MENTAL HEALTH,

                              Defendants/Respondents.

**NOTICE OF REMOVAL**

Kings County Clerk
Index No. 9038-13
(consolidated with Index No. 2987-13, Sup. Ct. Dutchess Co.)

1

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendants/Respondents the New York State Department of Health ("DOH"), Howard A. Zucker, M.D., as Commissioner of the New York State Department of Health, the New York State Office of Mental Health ("OMH"), and Anne Marie T. Sullivan, M.D., as Acting Commissioner of the New York State Office of Mental Health (collectively, "Respondents"), by their attorney, ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, hereby file this notice of removal of this consolidated proceeding, *Residents and Families United to Save Our Adult Homes, et al. v. Howard A. Zucker, M.D., as Commissioner of the New York State Department of Health, et al.*, Index No. 9038-13, currently pending in the Supreme Court of the State of New York, Kings County, which is described below.

1. On May 13, 2013, certain Plaintiffs/Petitioners including Residents and Families United to Save Our Adult Homes (collectively, the "*Residents* Petitioners"), commenced the above-captioned action previously entitled *Residents and Families United to Save Our Adult Homes, et al. v. Nirav R. Shah, as Commissioner of the New York State Department of Health, et al.*, Index No. 9038-13, in the Supreme Court of the State of New York, Kings County, by filing a Summons and Verified Complaint and Petition in the Kings County Clerk's Office.

2. Thereafter, on October 11, 2013, the Supreme Court, Kings County, signed an order consolidating the action filed by the *Residents* Petitioners with an action that certain other Plaintiffs/Petitioners (collectively, the "*Empire* Petitioners") had previously filed in New York Supreme Court, Dutchess County (which had formerly been assigned Index No. 2987/13). On April 1, 2016, following the entry of a stipulated order that amended the caption and granted the *Residents* Petitioners leave to file an amended pleading, the *Residents* Petitioners filed their Second Amended Verified Complaint and Petition, which, *inter alia*, added a new claim alleging the violation of Petitioners' rights under the First Amendment the U.S. Constitution.

3. Both sets of Petitioners challenge the set of regulations promulgated by DOH and OMH that facilitate the implementation of the settlement agreement in *United States v. State of New York,* No.13-CV-4165 (E.D.N.Y.) and *O'Toole et al. v. Cuomo*, et al., No. 13-CV-4166 (E.D.N.Y.) (the "Federal Settlement"). The *Residents* Petitioners and the *Empire* Petitioners seek invalidation of these regulations on several grounds, including that the regulations will, if allowed to stay in effect, (1) deprive mentally disabled persons currently living in privately owned adult homes of the right to live where they choose based solely on the fact that they have a mental health diagnosis, often among many other diagnoses, and (2) violate numerous Federal and State laws, including the Americans with Disabilities Act ("ADA"), because their practical effect will be to discriminate against disabled persons currently living in privately owned adult homes by forcing them to move from those homes (or prevent them from living in the adult homes of their choice) without regard for their medical, physical and mental health needs, and based solely upon their mental health status.

4. Both sets of Petitioners also seek an order permanently enjoining DOH and OMH from implementing or enforcing the DOH and OMH regulations. This relief, if granted, would jeopardize the Federal Settlement. *See* Case No. 13-cv-4165, ECF No. 23 at ¶ 0(1) (providing that the federal settlement agreement "will become null and void" if a court enters an order enjoining the DOH and OMH regulations and an agreement cannot thereafter be reached regarding how to modify the settlement agreement in response to any such order).

5. Respondents hereby remove the entire consolidated proceeding, including all claims filed by both the *Residents* Petitioners and the *Empire* Petitioners.

6. This Court has original jurisdiction over this consolidated proceeding under 28 U.S.C. § 1331 because the *Residents* Petitioners and the *Empire* Petitioners seek a declaratory judgment for alleged violations of their rights under the First and Fourteenth Amendments to the

United States Constitution, 42 U.S.C. § 12132, the ADA, and 42 U.S.C. § 3604(f)(1), the Federal Fair Housing Act ("FHA"), as well as certain state law claims over which this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

7. Respondents seek removal of this consolidated proceeding to this Court pursuant to 28 U.S.C. § 1441(a) on the ground that it is an action over which this Court would have original federal question jurisdiction.

8. Copies of the Second Amended Verified Complaint and Petition filed by the *Residents* Petitioners (the *Residents* Petitioners' operative pleading), and the First Amended Verified Petition filed by the *Empire* Petitioners (the *Empire* Petitioners' operative pleading) setting forth the claims for relief upon which the consolidated proceeding is based, are attached hereto as Exhibit 2 and Exhibit 3, respectively. Respondents' answer to the First Amended Verified Petition filed by the *Empire* Petitioners is attached hereto as Exhibit 4. The earlier, superseded pleadings (and accompanying process) filed by the *Residents* Petitioners and the *Empire* Petitioners, and Respondents' answers thereto (if any), are attached hereto as Exhibit 5. The orders entered by the Court in this consolidated proceeding are attached hereto as Exhibit 6. Upon information and belief, to date, no other pleadings, process, or orders have been served in this action, subsequent to the service of the documents attached as Exhibits 2 to 6.[1]

9. This Notice of Removal is timely as it falls under the revival doctrine, which provides an exception to the thirty (30) day time in which to remove pursuant to 28 U.S.C. § 1446(b)(1). Under that doctrine, "a lapsed right to remove an initially removable case within 30 days is restored when the amended complaint is amended so substantially as to alter the character of the action and constitute essentially a new law suit." *MG Building Materials, Ltd., v. Paychex, Inc.*, 841 F. Supp. 2d 740 (W.D.N.Y. 2012) (citing *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*,

---

[1] Exhibit 1 hereto is the Civil Cover Sheet for this removed consolidated proceeding.

No. 00-1898, 2006 U.S. Dist. LEXIS 20575 (S.D.N.Y. Apr. 17, 2006)). Here, the *Residents* Petitioners' Second Amended Verified Complaint and Petition, which was filed on or about April 1, 2016, includes a new federal claim asserting a violation of free speech rights under the First Amendment to the U.S. Constitution, and that claim substantially alters the character of this consolidated proceeding. In particular, it conflicts with the provision in the Federal Settlement that requires the State to prevent adult homes from taking action that would discourage adult home residents from meeting with housing contractors to discuss the possibility of moving out of their adult homes and into supported housing. *See* Case No. 13-cv-4165, ECF No. 23 at ¶ E(4) Moreover, Respondents' willingness to adjudicate prior claims in State Court does not prevent revival here. *See Johnson v. Heublein Inc.*, 227 F.3d 236, 242 (5th Cir. 2000) ("although a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed [in the same case]"). Less than 30 days have elapsed since the filing of the *Residents* Petitioners' Second Amended Verified Complaint and Petition

10. No prior application for this relief has been made.

11. Pursuant to 28 U.S.C. § 1446(d), Respondents will promptly give written notice of this Notice of Removal to the Petitioners' counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which this action has been pending.

WHEREFORE, Respondents hereby remove this consolidated proceeding from the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York.

Dated: New York, New York
April 6, 2016

                                                   ERIC T. SCHNEIDERMAN
Attorney General of the
State of New York
Attorney for Defendants/Respondents
By: /s/ Matthew J. Lawson

MATTHEW J. LAWSON
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
Tel: (212) 416-8733
matthew.lawson@ag.ny.gov

BARBARA K. HATHAWAY
SANIA W. KHAN
TODD A. SPIEGELMAN
Assistant Attorneys General
of Counsel