D/F

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RESIDENTS AND FAMILIES UNITED TO SAVE
OUR ADULT HOMES et al.,
                    Plaintiffs,                                         MEMORANDUM & ORDER

                                                                        16-CV-1683 (NGG) (RER)
HOWARD ZUCKER, M.D., et al.,

                    Defendants.
-----------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant-Intervenor Diana Vila's motion for a temporary restraining order and a preliminary injunction. (See Pl. Proposed Order to Show Cause & TRO ("Proposed OTSC & TRO") (Dkt. 64); Pl. Mem. in Supp. of Proposed OTSC & TRO ("Pl. Mem.") (Dkt. 66); Gooch Decl. in Supp. of Proposed OTSC & TRO ("Gooch Decl.") (Dkt. 65).) Vila seeks an order from this court restraining and enjoining any adult home—as defined in 18 N.Y.C.R.R. § 487.2(a)[1]—that is a plaintiff in this action from retaliating against any resident of an adult home who has intervened, moved to intervene, or has expressed a desire to intervene in any of the following actions: this action; O'Toole v. Cuomo, No. 13-CV-4166 (NGG) (ST); United States v. New York, No. 13-CV-4165 (NGG) (ST); Doe v. Zucker, Index No. 007079/2016 (N.Y. Sup. Ct. Albany Cty.); Oceanview Home for Adults, Inc. v. Zucker, Index No. 006012/2016 (N.Y. Sup. Ct. Albany Cty.); and Hedgewood Home for Adults, LLC v. Zucker, Index No. 052782/2016 (N.Y. Sup. Ct. Dutchess Cty.); or "any other action or proceeding that is pending or commenced in which New York state regulations applicable to

---

[1] An adult home is "defined as an adult care facility established and operated for the purpose of providing long-term residential care, room, board, housekeeping, personal care and supervision to five or more adults unrelated to the operator." 18 N.Y.C.R.R. § 487.2(a).

1

transitional adult homes[2] are challenged by any person or entity." (Proposed OTSC & TRO at 1-2.)

For the foregoing reasons, Vila's motion for a temporary restraining order is DENIED.[3] Vila's motion for a preliminary injunction is respectfully REFERRED to Magistrate Judge Ramon E. Reyes for a hearing and a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1).

## I. LEGAL STANDARD

A party seeking a temporary restraining order ("TRO") or a preliminary injunction must demonstrate:

    (1) irreparable harm;

    (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor; and

    (3) that a preliminary injunction is in the public interest.

N.Y. ex rel. Schneiderman v. Actavis PLC, 787 F.3d 638, 650 (2d Cir. 2015) (internal quotation marks and citation omitted); see Free Country Ltd. v. Drennen, No. 16-CV-8746 (JSR), 2016 WL 7635516, at *3 (S.D.N.Y. Dec. 30, 2016) (holding that the standard for entry of a TRO is "essentially the same as for a preliminary injunction" but a temporary restraining order is "often granted ex parte", has a "limited lifespan", and "typically occurs before there has been extensive discovery"). "[A] TRO, perhaps even more so than a preliminary injunction, is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

---

[2] A "transitional adult home" is defined as an "adult home with a certified capacity of 80 beds or more in which 25 percent or more of the resident population are persons with serious mental illness." 11 N.Y.C.R.R. § 487.13(a)(1).

[3] The court held a hearing on Vila's proposed order to show cause on August 4, 2017, and reserved decision as to Vila's request for a TRO at that time. (See Aug. 7, 2017, Min. Entry.)

2

showing, carries the burden of persuasion.'" Free Country Ltd., 2016 WL 7635516, at *3 (quoting JBR, Inc. v. Keurig Green Mountain, Inc., 618 F. App'x 31, 33 (2d Cir. 2015) (summary order) (internal citation omitted)).

## II. DISCUSSION

On the basis of the current record, the court finds that Vila has not demonstrated that she will be irreparably harmed absent entry of a TRO. Accordingly, Vila's motion for a TRO is denied. Cf. Rodriguez ex rel. Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1999) (per curiam) ("In the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied."); see also Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (explaining that "[a] showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction" (internal quotation marks and citation omitted)).

To satisfy the irreparable harm requirement, the movant "must demonstrate that absent [an] . . . injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Wabtec Corp., 559 F.3d at 118 (internal citation omitted). Moreover, except in "extraordinary circumstances," injunctions are unavailable where "there is an adequate remedy at law, such as an award of money damages." Id. (internal citation omitted).

Vila's irreparable harm argument focuses on the fact that administrators at the Mermaid Manor Home for Adults—an adult home which is not a party to this lawsuit—allegedly threatened to retaliate against George Iwczenko—an adult home resident who is likewise not a party to this lawsuit—for his participation in Doe v. Zucker—a lawsuit that is related but distinct from this action. (Pl. Mem. at 3-4, 7-8.) Vila also alleges that plaintiff's counsel in Doe v.

3

Zucker threatened to publicly disclose Iwczenko's and other potential intervenors' confidential medical information in order to deter those individuals from participating in that action. (See id. at 4-5, 7.)

Vila appears to argue that threats directed at potential intervenors in Doe v. Zucker indicate that she faces, or may face, a similar threat of retaliation based on her participation in the present action. Even assuming that the allegations of retaliation are true, those facts do not provide a basis for finding that Vila faces an injury that is "actual and imminent" with respect to this case. Wabtec Corp., 559 F.3d at 118. Vila has alleged no facts that suggest that she herself is at imminent risk of retaliation for asserting her legal rights. As such, Vila's injury is merely hypothetical at this point.

Vila attempts to salvage her irreparable harm claim by relying on a Second Circuit case in the employment context, which, in her view, recognized that "retaliation against a party seeking to vindicate her statutory rights not only affects the party herself, but could deter others similarly situated from protecting their own rights." (Pl. Mem. at 8 (citing Holt v. Cont'l Grp., Inc., 708 F.2d 87, 91 (2d Cir. 1983) ("A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights . . . or from providing testimony for the plaintiff in her effort to protect her own rights. These risks may be found to constitute irreparable injury.")).) Vila argues, by extension, that

> any efforts by the adult home owners and operators to dissuade potential intervenors through threats or retaliatory action will not only irreparably harm [her] and other potential intervenors, but would also have a chilling effect on all adult home residents who seek to assert or vindicate their legal rights against the owners and operators of those homes.

(Id.) While the court is cognizant of the risk that retaliation against one adult home resident for exercising his or her legal rights could deter other residents from asserting their rights, the court

4

declines to find irreparable harm on this basis. The Holt court acknowledged that "[a] retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights"; however, the court expressly rejected the idea that "there is irreparable injury sufficient to warrant a preliminary injunction in every retaliation case." 708 F.2d at 91. Similarly, this court cannot conclude that retaliation based on an individual's participation in a separate lawsuit will necessarily chill participation in this action.

Accordingly, on the basis of the current record, the court finds that Vila has not demonstrated that she will suffer irreparable harm absent entry of a TRO. Her motion is therefore denied.

## III. CONCLUSION

Vila's motion for a TRO is DENIED. Vila's motion for a preliminary injunction is respectfully REFERRED to Judge Reyes for a hearing and an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
August 9, 2017

NICHOLAS G. GARAUFIS  
United States District Judge

5